RICHARD RAY JACKSON, d/b/a LITTLE RICHARD'S LOUNGE, Plaintiff-Appellant, v. ILLINOIS LIQUOR CONTROL COMMISSION, Defendant-Appellee.

(No. 11912;

Fourth District—April 19, 1973.

Aprian & Ross, of East St. Louis, and Conrad Noll, Jr., of Springfield, both for appellant.

William J. Scott, Attorney General, of Chicago, (Warren K. Smoot, Assistant Attorney General, of counsel,) for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

■■ Plaintiff-Appellant, Richard Ray Jackson, d/b/a Little Richard's Lounge, appeals from a judgment of the circuit court affirming an order of the Illinois Liquor Control Commission revoking appellant's liquor license on the ground that he operated and permitted the premises in question to be used for gambling. The evidence upon which the Commission based its ruling is contained in the testimony of Clarence Luckett, an agent of the Illinois Bureau of Investigation. Appellant's brief contains a single citation of authority, to-wit: *Logan v. Civil Service Com.*, 3 Ill.2d 81, 119 N.E.2d 754, which is urged in support of the universally recognized proposition that, while the findings of the administrative agency on questions of fact are *prima facie* correct, they may be reviewed to determine whether they are supported by the evidence and may be set aside if they are against the manifest weight of the evidence. This court, the appellant, and the appellee are in complete accord on the point.

■■ The testimony of appellant's witnesses and that of Luckett produce contradictions. Appellant argues that the Commission should have believed his witnesses and by the same token should not have believed Luckett. To put it another way, he is unhappy with the manner in which the issue of credibility was resolved. This issue involves nothing more than the presence of conflicting testimony and is controlled by *Crepps v. Industrial Com.*, 402 Ill. 606, 85 N.E.2d 5. We affirmed the decision of the circuit court from the bench, during oral argument, and then indicated that a brief opinion would be filed.

Judgment affirmed.

CRAVEN, P. J., and TRAPP, J., concur.